1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

12

13

CAROLINE SMITH RUHMSHOTTEL,
individually and as personal representative
on behalf of Estate of Philip Eugene
RUHMSHOTTEL, and PHILIP EUGENE
RUHMSHOTTEL,

CASE NO. 3:20-cv-05425-RJB

ORDER GRANTING UNITED
STATES' PARTIAL MOTION TO
DISMISS COMPLAINT

14

                          Plaintiffs,
        v.

15

UNITED STATES OF AMERICA,

16

                          Defendants.

17

18

        This matter comes before the Court on the United States' Partial Motion to Dismiss

19

Complaint (Dkt. 15).  Defendant, United States of America, moves to dismiss one count of

20

Plaintiff Caroline Smith Ruhmshottel's complaint for lack of subject matter jurisdiction pursuant

21

to Federal Rule of Civil Procedure 12(b)(1).

22

        The Court has considered the motion, Plaintiffs' response (Dkt. 18), Defendant's reply

23

(Dkt. 19), the supporting documents, and the remaining file.

24

ORDER GRANTING UNITED STATES' PARTIAL MOTION TO DISMISS COMPLAINT - 1

1    **I.    BACKGROUND AND PROCEDURAL HISTORY**

2    **A.  BACKGROUND**

3        This matter arises out of injuries Philip Ruhmshottel allegedly sustained at the Vancouver

4    Campus of the U.S. Department of Veteran's Affairs, Portland Medical Center ("VA") on May

5    14, 2019 after hospital providers negligently failed to prevent him from falling.  Dkt. 1.

6        On June 11, 2019, Plaintiff Carolyn Ruhmshottel ("Mrs. Ruhmshottel") filed a Standard

7    Form 95 ("SF-95"): Claim for Damage, Injury, or Death with the U.S. Department of Veterans

8    Affairs ("VA").  Dkt. 15.  This form identified the claimant as "Philip Eugene Ruhmshottel,

9    submitted by wife Carolyn Ruhmshottel" and listed the basis of the claim as "[e]xtensive

10   personal injury [that] occurred to Philip E. Ruhmshottel on the morning of Mary 14, 2019."  *Id.*

11   The claim requested damages in the amount of $2,000,000 for "personal injury."  *Id.* at 2.

12       Mrs. Ruhmshottel submitted supplemental letters on December 3, 2019 and December 5,

13   2019.  In them she wrote, "[t]he traumatic brain injury received from the fall on May 14, 2019

14   has devastated Phil and our family.  Phil went from an independent moderately active man to

15   now a homebound, frail, diminished, at-risk man."  Dkt. 18-1 at 10.

16       The VA denied the claim on January 13, 2020.  Dkt. 15.  Mr. Ruhmshottel passed away

17   on March 18, 2020, and Plaintiff's counsel notified the VA of Mr. Ruhmshottel's death by letter

18   dated April 4, 2020.  *Id.*; Dkt. 18-1 at 26.

19       On May 5, 2020, Plaintiff Caroline Smith Ruhmshottel filed this lawsuit.  Dkt. 1.  The

20   complaint brings two claims: one brought in her capacity as Representative of the Estate of

21   Philip Eugene Ruhmshottel, and one brought in her individual capacity.  *Id.*

22   **B.  PENDING MOTION**

23       In the pending motion, Defendant moves to dismiss only the claim brought by Mrs.

24

ORDER GRANTING UNITED STATES' PARTIAL MOTION TO DISMISS COMPLAINT - 2

1    Ruhmshottel in her individual capacity.  Dkt. 15.  It is not clear from the complaint whether this

2    claim is for loss of consortium or wrongful death, but Defendant argues it should be dismissed in

3    either case because Mrs. Ruhmshottel did not exhaust administrative remedies before

4    commencing this lawsuit, as required by the Federal Tort Claims Act ("FTCA").

5         In response, Plaintiff argues that the administrative claim filed in June 2019 applied to

6    both Mr. and Mrs. Ruhmshottel, and, therefore, Mrs. Ruhmshottel properly exhausted

7    administrative remedies and may claim both loss of consortium and wrongful death.  Dkt. 18.

8    The parties agree that the maximum recoverable damages are $2,000,000, as alleged in the

9    administrative claim.  *Id.*

## II.   DISCUSSION

### A.  STANDARD FOR MOTION TO DISMISS

12        A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual

13   allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the

14   Constitution, laws, or treaties of the United States, or does not fall within one of the other

15   enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or

16   controversy within the meaning of the Constitution; or (3) is not one described by any

17   jurisdictional statute.  *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v.*

18   *Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal

19   question jurisdiction) and 1346 (United States as a defendant).  When considering a motion to

20   dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, so it

21   may review any evidence to resolve factual disputes concerning the existence of jurisdiction.

22   *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052

23   (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983).  A federal court

24

ORDER GRANTING UNITED STATES' PARTIAL MOTION TO DISMISS COMPLAINT - 3

1    is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise.  *Kokkonen v.*

2    *Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated*

3    *Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Therefore, plaintiff bears the burden of proving the

4    existence of subject matter jurisdiction.  *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co.,*

5    *Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

6                    **B.  STANDARD FOR ADMINISTRATIVE EXHAUSTION UNDER FTCA**

7            The FTCA is a limited waiver of sovereign immunity for tort claims made against the

8    United States.  28 U.S.C. § 1346(b); 28 U.S.C. § 2647.  Before bringing a lawsuit pursuant to the

9    FTCA, a plaintiff must first present his or her claim to the appropriate federal agency.  28 U.S.C.

10   § 2675(a).  Only after the agency denies his or her administrative claim may the claimant file a

11   federal tort claim.  *Id.*  This requirement is "jurisdictional in nature, and thus must be strictly

12   adhered to."  *Jerves v. United States*, 966 F.2d 517, 521 (9th Cir. 1992).

13           The administrative exhaustion requirement applies equally to a derivative claim such as

14   loss of consortium.  *See Johnson v. United States*, 704 F.2d 1431, 1442 (9th Cir. 1983); *Barber v.*

15   *Kone, Inc.* 118 Fed. Appx. 276, 278 (9th Cir. 2004).  This is because the purpose of the

16   exhaustion requirement is to facilitate settlement at the agency level, but the agency cannot

17   investigate a claim and work toward resolution without notice that a claim exists.  *Id.*; citing

18   *Heaton v. United States*, 383 F.Supp. 589, 591 (S.D.N.Y. 1974) (mere appearance of claimant's

19   wife's name on SF-95 form "could not have put the government on notice that she was claiming

20   loss of consortium and services.").  Therefore, without sufficient notice of a claim at the

21   administrative level, courts lack jurisdiction to hear that claim.  *Id.*

22           1.  Loss of Consortium

23            Mrs. Ruhmshottel did not present her claim for loss of consortium to the VA.  The SF-

24

ORDER GRANTING UNITED STATES' PARTIAL MOTION TO DISMISS COMPLAINT - 4

1    95 form identified Mr. Ruhmshottel as the claimant.  Dkt. 18-1 at 5.  In letters dated December 3

2    and December 5, 2019, Mrs. Ruhmshottel wrote, "I am writing on behalf of my husband Philip

3    E. Ruhmshottel." *Id.* at 10 and 13.  While Mrs. Ruhmshottel was clearly facilitating her

4    husband's administrative claim, her signature on the SF-95 form and notice that his injury

5    devastated the family did not clearly raise her own, individual claim.

6            Because Mrs. Ruhmshottel did not raise loss of consortium at the administrative level, the

7    Court lacks jurisdiction to hear her claim.

8            2.   Wrongful Death

9            Similarly, Mrs. Ruhmshottel did not present a wrongful death claim at the administrative

10   level.  In a letter dated April 4, 2020 titled, "Re: My client: Philip E. Ruhmshottel through

11   Beneficiary Caroline S. Ruhmshottel Administrative Tort Claim," Plaintiffs' counsel wrote,

12   "This is our notice that the above client Mr. Philip Ruhmshottel, has died as a result of the fall

13   for which *his claim* was made and you should update your claim accordingly as he is now

14   deceased." Dkt. 18-1 at 26 (emphasis added).  This letter indicates that Mrs. Ruhmshottel was

15   involved in Mr. Ruhmshottel's claim as "beneficiary," not as an independent claimant.

16           Accordingly, the Court lacks jurisdiction to hear Mrs. Ruhmshottel's claim for wrongful

17   death, and Defendant's partial motion to dismiss should be granted.

18                                    **III.   ORDER**

19           Therefore, it is hereby **ORDERED** that:

20       • United States' Partial Motion to Dismiss Complaint (Dkt. 15) **IS GRANTED**;

21       • Caroline Smith Ruhmshottel is dismissed as a plaintiff in her individual capacity

22           only.

23

24

ORDER GRANTING UNITED STATES' PARTIAL MOTION TO DISMISS COMPLAINT - 5

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2  to any party appearing *pro se* at said party's last known address.

3        Dated this 21ˢᵗ day of April, 2021.

4

5                          ROBERT J. BRYAN
                         United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING UNITED STATES' PARTIAL MOTION TO DISMISS COMPLAINT - 6